UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LASHON BARNUM,<br><br>Defendant. | CASE NO. CR14-0281-JCC<br><br>ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on Lashon Barnum's motion for termination of his supervised release (Dkt. No. 39). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

I.  **BACKGROUND**

Mr. Barnum was arrested May 2014 and charged with promoting prostitution in the second degree. (Dkt. No. 40 at 4.) He pled guilty. (*Id*.) In February 2015, the Court sentenced Mr. Barnum to an 18 month imprisonment, with credit given for the 9 months of time already served, to be followed by 3 years of supervised release. (Dkt. No. 33.) His supervised released began September 2, 2015. (Dkt. No. 39 at 1.)

Since his release, Mr. Barnum has had two violation reports. First, in July 2016, the Probation Department notified the Court that Mr. Barnum admitted, following a positive

urinalysis, to using cocaine and marijuana with associates during a social gathering at his residence. (Dkt. No. 36.) In response, the Probation Department increased the frequency of his urinalysis testing, but recommended no further action in light of his stable housing and employment. (*Id.*) Second, in July 2017, the Probation Department notified the Court that Mr. Barnum had again admitted to smoking marijuana, following a positive urinalysis. (Dkt. No. 37.) This time he claimed this was an effort to self-medicate pain brought on from a long workday. (*Id.*) In response, the Probation Department again increased the frequency of Mr. Barnum's urinalysis testing, but again recommended no further action in light of his stable housing and employment. (*Id.*)

Mr. Barnum asks the Court to terminate his supervised release eleven months early. (Dkt. No. 39.) He provides letters of support from his employers and former Seattle Mayor McGinn, as well as examples of out-of-state employment opportunities. (Dkt. No. 39-1.) Mr. Barnum asserts termination of his supervised release is necessary to allow him to travel in order to advance as a chef. (*Id.* at 3.) He concedes that the "supervising probation officer has indicated [remote] courtesy supervision could potentially be arranged" but asserts that "this seems impractical for many of Mr. Barnum's potential [employment] opportunities (e.g. international positions, positions as a travelling private chef on cruises, and positions in remote locations)." (*Id.* at 3.)

The crime for which the Court sentenced Mr. Barnum, promoting prostitution, involved the following conduct: he convinced a female victim to travel to Seattle from Canada to work for him as a prostitute, and he paid her airfare. (Dkt. No. 40 at 2.) When Mr. Barnum feared she was considering working for someone else, he told her that if she did, she would "end up in a trunk." (*Id.* at 3.) She fled and called 911. (*Id.*) At the time, Mr. Barnum was already on supervised release. (*Id.* at 1.) He previously conspired to distribute cocaine in Alaska. (*Id.* at 1.) He has two additional prior convictions involving narcotics, and one each involving a firearm and larceny. (*Id.*) The Probation Office opposes the motion due to the violent nature of Mr. Barnum's crime and his violent criminal history. (*Id.* at 4.) The Government also opposes this motion. (*Id.* at 9.)

## II. DISCUSSION

The Court must consider several factors in its evaluation of early termination, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity. 18 U.S.C. § 3583(e). As the Second Circuit has articulated, early termination of supervised release should be granted only "[o]ccasionally" when "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

The Court concludes early termination of Mr. Barnum's supervised release is not appropriate under the circumstances. Mr. Barnum has violated the conditions of his current supervised release on two occasions, the second of which within the last few months. Moreover, Mr. Barnum has not shown a change in circumstances that renders his previously imposed term of supervised release too harsh. While he demonstrates that occupational opportunities exist for him outside of Washington, he fails to show that he lacks comparable opportunities locally. Nor does Mr. Barnum show, even if this were the case, how a courtesy supervision could not be accomplished in many of the instances proposed.

Consideration of the 18 U.S.C. § 3553(a) factors and the interests of justice do not support Mr. Barnum's request for early termination of his supervised release.

## III. CONCLUSION

For the foregoing reasons, Mr. Barnum's motion for termination of his supervised release (Dkt. No. 39) is DENIED.

//

//

ORDER DENYING DEFENDANT'S MOTION
FOR TERMINATION OF SUPERVISED
RELEASE
CR14-0281-JCC
PAGE - 3

1          DATED this 11th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION
FOR TERMINATION OF SUPERVISED
RELEASE
CR14-0281-JCC
PAGE - 4